UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RANDY BURNS, ) | |
| ) | |
| Plaintiff, ) | No. 08 C 535 |
| ) | |
| vs. ) | |
| ) | Judge Darrah |
| ) | Magistrate Judge Ashman |
| CITY OF CHICAGO, ) | |
| Chicago Police Officers ) | |
| ADAM WAZNY, Star 11019, ) | |
| WOJCIECH LACZ, Star 15609, ) | |
| KEVIN MANGERICH, Star 6555, and ) | |
| JOSEPH ROMAN, Star 10493, ) | |
| ) | |
| Defendants. ) | |

**FIRST AMENDED COMPLAINT**

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiff's state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

**Parties**

4. Defendant police officers are duly appointed and sworn Chicago police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

5. The Defendant-Officers are sued in their individual capacities.

6. The CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

**Facts**

7. On or about April 19, 2006, Plaintiff was walking on or near Huron Street in the City of Chicago.

8. While Plaintiff was walking he observed Defendant-Officers approach him.

9. Plaintiff took off running.

10. Defendant-Officers caught Plaintiff.

11. After they caught Plaintiff, Defendant-Officers beat on Plaintiff.

12. One Defendant-Officer kicked Plaintiff in the face and asked, "What the fuck did you run for?"

13. Chicago police officers later took Plaintiff to a hospital. Plaintiff received medical attention for the injuries he received from the beating, including four stitches on his face.

14. Plaintiff made a complaint with Office of Professional Standards.

15. Each individual Defendant-Officer acted willfully, wantonly, maliciously, oppressively, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

16. As a direct and proximate result of the acts of the Defendants described above, Plaintiff has suffered and continues to suffer damages including emotional distress, physical pain and suffering, and other damages including medical expenses.

## COUNT I
### (42 U.S.C. § 1983 – Excessive Force)

17. Plaintiff realleges paragraphs 1 through 16 as if fully set forth herein.

18. The Defendant-Officers violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers;

b) Award compensatory and punitive damages, as determined at trial;

c) Award attorneys' fees and costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT II
### (42 U.S.C. § 1983 – Failure to Intervene)

19. Plaintiff realleges paragraphs 1 through 16 as if fully set forth herein.

20. While Plaintiff was subjected to excessive force as described above, Defendant-Officers had an opportunity to intervene, but chose not to intervene.

21.    Defendant-Officers were deliberately indifferent to Plaintiff's right to be free from excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)    Enter judgment against Defendant-Officers;

b)    Award compensatory and punitive damages, as determined at trial;

c)    Award attorneys' fees and costs;

d)    Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT III
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

22.    The acts of the individual Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

23.    Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the actions of the Defendant-Officers.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant CITY OF CHICAGO to indemnify the Defendant-Officers for any judgment entered in this case arising from their actions.

**Plaintiff demands trial by jury**

Respectfully submitted,

/s/ Lawrence V. Jackowiak
*Counsel for the Plaintiff*

Lawrence V. Jackowiak
Louis J. Meyer
Daniel P. Kiss
Law Offices of Lawrence V. Jackowiak
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 795-9595