UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RANDY BURNS, | ) | |
| | ) | |
| Plaintiff, | ) | No. No. 08 C 535 |
| | ) | |
| vs. | ) | Judge Darrah |
| | ) | |
| CITY OF CHICAGO, | ) | Magistrate Judge Ashman |
| Chicago Police Officers ADAM WAZNY, | ) | |
| Star 11019, WOJCIECH LACZ, Star 15609, | ) | |
| KEVIN MANGERICH, Star 6555, and | ) | |
| JOSEPH ROMAN, Star 10493, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT CITY OF CHICAGO'S ANSWER, DEFENSES AND
JURY DEMAND TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant City of Chicago (the "City"), by its attorney Mara S. Georges, Corporation Counsel of the City of Chicago, answers plaintiff's first amended complaint as follows:

1.   This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

**ANSWER:** **The City admits that plaintiff purports to bring Counts I and II of his complaint pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendment to the United States Constitution. The City denies the remaining allegations in this paragraph.**

2.   Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiff's state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

**ANSWER:** **The City admits the allegations in this paragraph.**

3.   Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

**ANSWER:** **The City admits that venue is proper in that the alleged events giving rise to the claims asserted in plaintiff's complaint occurred within this district.**

### Parties

4. Defendant police officers are duly appointed and sworn Chicago police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

**ANSWER:** **The City admits that Defendant Officers Wazny, Lacz, Mangerich, and Roman were employed by the City on May 19, 2006. The City further admits upon information and belief, based on Chicago Police Department records, that Defendant Officers Wazny, Lacz, Mangerich, and Roman were acting within the scope of their employment in their encounter with plaintiff on May 19, 2006. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.**

5. The Defendant-Officers are sued in their individual capacities.

**ANSWER:** **The City admits that plaintiff purports to sue Defendant Officers Wazny, Lacz, Mangerich, and Roman in their individual capacities.**

6. The CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

**ANSWER:** **The City admits that it is a municipal corporation duly incorporated under the laws of the State of Illinois, and that Defendant Officers Wazny, Lacz, Mangerich, and Roman were employed by the City on May 19, 2006. The City is without knowledge or**

information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

## Facts

7. On or about April 19, 2006, Plaintiff was walking on or near Huron street in the City of Chicago.

**ANSWER:** **The City admits upon information and belief, based on Chicago Police Department records, that plaintiff was in the vicinity of Huron Street in Chicago, Illinois on May 19, 2006. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.**

8. While Plaintiff was walking he observed Defendant-Officers approach him.

**ANSWER:** **The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

9. Plaintiff took off running.

**ANSWER:** **The City admits upon information and belief, based on Chicago Police Department records, that plaintiff fled northbound on Lorel Avenue in Chicago, Illinois.**

10. Defendant-Officers caught Plaintiff.

**ANSWER:** **The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

11. After they caught Plaintiff, Defendant-Officers beat on Plaintiff.

**ANSWER:** **The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

12. One Defendant-Officer kicked Plaintiff in the face and asked, "What the fuck did you run for?"

**ANSWER:** **The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

13. Chicago police officers later took Plaintiff to a hospital. Plaintiff received medical attention for the injuries he received from the beating, including four stitches on his face.

**ANSWER:** **The City admits, upon information and belief, based on West Suburban Medical Center records, that plaintiff was admitted and treated for an abrasion at West Suburban Medical Center on May 19, 2006. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

14. Plaintiff made a complaint with Office of Professional Standards.

**ANSWER:** **The City admits, upon information and belief, based on Chicago Police Department records, the allegations in this paragraph.**

15. Each individual Defendant-Officer acted willfully, wantonly, maliciously, oppressively, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

**ANSWER:** **The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

16. As a direct and proximate result of the acts of the Defendants described above, Plaintiff has suffered and continues to suffer damages including emotional distress, physical pain and suffering, and other damages including medical expenses.

**ANSWER:** The City denies the allegations in this paragraph to the extent that they pertain to the City. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

## COUNT I
### (42 U.S.C. § 1983 - Excessive Force)

The City is not named as a defendant in Count I. Accordingly, the City answers the allegations in Count I only to the extent that these allegations are incorporated in Count III.

17. Plaintiff realleges paragraphs 1 through 16 as if fully set forth herein.

**ANSWER:** The City's answers to paragraphs 1 through 16 in the First Amended Complaint are incorporated herein by reference as though fully set forth.

18. The Defendant-Officers violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

## COUNT II
### (42 U.S.C. § 1983 - Failure to Intervene)

**The City is not named as a defendant in Count II. Accordingly, the City answers the allegations in Count II only to the extent that these allegations are incorporated in Count III.**

19. Plaintiff realleges paragraphs 1 through 16 as if fully set forth herein.

**ANSWER:    The City's answers to paragraphs 1 through 16 in the First Amended Complaint are incorporated herein by reference as though fully set forth.**

20. While Plaintiff was subjected to excessive force as described above, Defendant-Officers had an opportunity to intervene, but chose not to intervene.

**ANSWER:    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

21. Defendant-Officers were deliberately indifferent to Plaintiff's right to be free from excessive and unreasonable force.

**ANSWER:    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

## COUNT III

### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

22. The acts of the individual Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

**ANSWER:** The City admits, upon information and belief, based on Chicago Police Department records, that Chicago Police Officers Wazny, Lacz, Mangerich and Roman were acting within the scope of their employment in their encounter with plaintiff on May 19, 2006. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

23. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the actions of the Defendant-Officers.

**ANSWER:** The City states that plaintiff's allegation that the City is liable for any judgments in this case arising from the actions of the Defendant Officers is a vague, incomplete and/or incorrect statement of the nature of the City's liability under the Illinois Tort Immunity Act; therefore, this allegation is denied.

**WHEREFORE**, the City prays that this Court enter judgment in its favor on Plaintiff's First Amended Complaint, award the City costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

### DEFENDANT CITY OF CHICAGO DEMANDS TRIAL BY JURY
### AFFIRMATIVE DEFENSES

1. The Illinois Local Governmental and Governmental Employees Tort Immunity Act ("Tort Immunity Act") does not require the City to pay any tort judgment or settlement for any damages

for which its employee was acting outside the scope of his employment. 745 ILCS 10/9-102 (2006).

2. Defendant City is not liable to plaintiff if its employees or agents are not liable to the plaintiff. 745 ILCS 10/2-109 (2006).

3. To the extent any employee or agent of Defendant City was acting within the scope of his or her employment, that employee or agent is not liable for his or her acts or omissions in the execution or enforcement of the law, unless such act or omission constitutes wilful and wanton conduct. 745 ILCS 10/2-202 (2006).

4. Defendant City is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204 (2006).

5. Defendant City is not liable for injury proximately caused by the failure of an employee to take reasonable action to furnish or obtain medical care. 745 ILCS 10/4-105 (1994).

6. Under the Tort Immunity Act, the City is not required to pay punitive or exemplary damages in any action brought directly or indirectly by the injured party or a third party. 745 ILCS 10/2-102 (2006).

7. As to plaintiff's state law claims, the City is not liable to pay attorney's fees as "the law in Illinois clearly is that absent a statute or contractual agreement, attorney fees and the ordinary expenses and burdens of litigation are not allowable to the successful party." See Kerns v. Engelke, 76 Ill. 2d 154, 166 (1979) (citations omitted).

8. To the extent plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by plaintiff must be reduced by application of the principle that

plaintiff has a duty to mitigate, commensurate with the degree of failure to mitigate attributed to plaintiff by the jury in this case.

9.   To the extent any injuries or damages claimed by plaintiff were proximately caused, in whole or in part, by the negligent, willful, wanton and/or other wrongful conduct on the part of the plaintiff, any verdict or judgment obtained by plaintiff must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to plaintiff by the jury in this case.

10.   Under state law, the City is not liable for conduct committed by employees not acting within the scope of their employment. <u>Wright v. City of Danville</u>, 174 Ill.2d 392, 221 Ill.Dec. 203, 675 N.E.2d 110 (1996).

11.   Under <u>Monell v. Department of Social Services of City of New York</u>, 436 U.S. 658 (1978), the City is not liable under section 1983 for its employees' misconduct.

Dated: April 9, 2008                                   Respectfully submitted,

                                                       MARA S. GEORGES
                                                       Corporation Counsel of the
                                                       City of Chicago

                                        BY:   /s/ Marcela D. Sánchez
                                                       ASHLEY KOSZYTA
30 N. LaSalle Street                                   Assistant Corporation Counsel
Suite 1020                                             MARCELA D. SÁNCHEZ
Chicago, IL 60602                                      Assistant Corporation Counsel