UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RANDY BURNS, | ) | |
| | ) | |
| Plaintiff, | ) | No. No. 08 C 535 |
| | ) | |
| vs. | ) | Judge Darrah |
| | ) | |
| CITY OF CHICAGO, | ) | Magistrate Judge Ashman |
| Chicago Police Officers ADAM WAZNY, | ) | |
| Star 11019, WOJCIECH LACZ, Star 15609, | ) | |
| KEVIN MANGERICH, Star 6555, and | ) | |
| JOSEPH ROMAN, Star 10493, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT OFFICERS' ANSWER, DEFENSES AND
JURY DEMAND TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendants, Adam Wazny, Kevin Mangerich, Lacz Wojciech, and Joseph Roman ("Individual Defendants"), by and through one of their attorneys, Matthew R. Hader, Assistant Corporation Counsel of the City of Chicago, hereby submit the following Answer, Defenses and Jury Demand to plaintiff's first amended complaint and state as follows:

1.    This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

**ANSWER:**    The Individual Defendants admit that plaintiff purports to bring Counts I and II of his complaint pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendment to the United States Constitution. The Individual Defendants deny the remaining allegations in this paragraph.

2.    Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiff's state claims [sic] is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

**ANSWER:**    The Individual Defendants admit the allegations in this paragraph.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

**ANSWER:** The Individual Defendants admit that venue is proper in that the alleged events giving rise to the claims asserted in plaintiff's complaint are alleged to have occurred within this district but deny any wrongful or illegal conduct.

### Parties

4. Defendant police officers are duly appointed and sworn Chicago police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

**ANSWER:** The Individual Defendants admit the allegations contained in Paragraph 4 but deny any wrongful or illegal conduct.

5. The Defendant-Officers are sued in their individual capacities.

**ANSWER:** The Individual Defendants admit they are being sued in their individual capacities.

6. The CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

**ANSWER:** The Individual Defendants admit they are employed by the City of Chicago. The Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

### Facts

7. On or about April 19, 2006, Plaintiff was walking on or near Huron street in the City of Chicago.

**ANSWER:** Defendants Lacz and Wazny admit the allegations contained in this paragraph. Defendants Mangerich and Roman are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

8. While Plaintiff was walking he observed Defendant-Officers approach him.

**ANSWER:** Defendants Lacz and Wazny admit plaintiff looked in their direction. Defendants Lacz and Wazny deny the remaining allegations contained in this paragraph. Defendants Mangerich and Roman deny the allegations contained in this paragraph.

9. Plaintiff took off running.

**ANSWER:** Defendants Lacz and Wazny admit the allegations contained in this paragraph. Defendants Mangerich and Roman, upon information and belief, admit the allegations in this paragraph.

10. Defendant-Officers caught Plaintiff.

**ANSWER:** Defendants Lacz and Wazny admit that Plaintiff was taken into custody after he fell during a pursuit. Defendants Mangerich and Roman deny the allegations contained in this paragraph.

11. After they caught Plaintiff, Defendant-Officers beat on Plaintiff.

**ANSWER:** The Individual Defendants deny the allegations in this paragraph.

12. One Defendant-Officer kicked Plaintiff in the face and asked, "What the fuck did you run for?"

**ANSWER:** The Individual Defendants deny the allegations in this paragraph.

13. Chicago police officers later took Plaintiff to a hospital. Plaintiff received medical attention for the injuries he received from the beating, including four stitches on his face.

**ANSWER:** The Individual Defendants deny plaintiff's injuries were caused by a beating and further deny that they beat plaintiff. The Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

14. Plaintiff made a complaint with Office of Professional Standards.

**ANSWER:** The Individual Defendants, upon information and belief, admit the allegations contained in this paragraph.

15. Each individual Defendant-Officer acted willfully, wantonly, maliciously, oppressively, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

**ANSWER:** The Individual Defendants deny the allegations in this paragraph.

16. As a direct and proximate result of the acts of the Defendants described above, Plaintiff has suffered and continues to suffer damages including emotional distress, physical pain and suffering, and other damages including medical expenses.

**ANSWER:** The Individual Defendants deny the allegations in this paragraph.

## COUNT I
### (42 U.S.C. § 1983 - Excessive Force)

17. Plaintiff realleges paragraphs 1 through 16 as if fully set forth herein.

**ANSWER:** The Individual Defendants restate their Answers for paragraphs 1 through 16 herein as their Answer to paragraph 17 of Count I as if fully stated herein.

18. The Defendant-Officers violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

**ANSWER:** The Individual Defendants deny the allegations in this paragraph.

**WHEREFORE**, The Individual Defendants respectfully request that judgment be entered in their favor and against Plaintiff on Count I, for the costs of defending this suit, including attorney's fees and other such relief as the Court deems just and appropriate.

## COUNT II
### (42 U.S.C. § 1983 - Failure to Intervene)

19. Plaintiff realleges paragraphs 1 through 16 as if fully set forth herein.

**ANSWER:** The Individual Defendants restate their Answers for paragraphs 1 through 16 herein as their Answer to paragraph 19 of Count II as if fully stated herein.

20. While Plaintiff was subjected to excessive force as described above, Defendant-Officers had an opportunity to intervene, but chose not to intervene.

**ANSWER:** The Individual Defendants deny the allegations in this paragraph.

21. Defendant-Officers were deliberately indifferent to Plaintiff's right to be free from excessive and unreasonable force.

**ANSWER:** The Individual Defendants deny the allegations in this paragraph.

**WHEREFORE**, The Individual Defendants respectfully request that judgment be entered in their favor and against Plaintiff on Count II, for the costs of defending this suit, including attorney's fees and other such relief as the Court deems just and appropriate.

## COUNT III
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

22. The acts of the individual Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

**ANSWER:** The Individual Defendants make no answer to the allegations in Count III as it is not directed toward them and further deny any wrongful and illegal conduct.

23. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the actions of the Defendant-Officers.

**ANSWER:** The Individual Defendants make no answer to the allegations in Count III as it is not directed toward them and further deny any wrongful and illegal conduct.

**WHEREFORE**, The Individual Defendants respectfully request that judgment be entered in their favor and against Plaintiff on Count III, for the costs of defending this suit, including attorney's fees and other such relief as the Court deems just and appropriate.

### DEFENSES, 12(b)(6) DEFENSES and AFFIRMATIVE DEFENSES

1. The Individual Defendants are entitled to qualified immunity. The Individual

5

Defendants are government officials, namely a police officers, who performs discretionary functions. At all times material to the events alleged in Plaintiff's Amended Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted the Individual Defendants could have believed their actions were lawful in light of clearly established law and the information the Individual Defendants possessed. Therefore, the Individual Defendants are entitled to qualified immunity as a matter of law.

2. To the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by any wrongful conduct on the part of Plaintiff, any verdict or judgment obtained by Plaintiff based on any finding of "reckless" willful or wanton behavior, as opposed to "intentional" willful or wanton behavior, must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiff by the jury in this case. *See Poole v. City of Rolling Meadows*, 167 Ill.2d 41, 656 N.E.2d 768, 212 Ill.Dec. 171 (Ill. 1995).

3. To the extent plaintiff failed to mitigate any of his claimed injuries or damages, evidenced by, but not limited to, plaintiff's refusal of medical treatment, any verdict or judgment obtained by plaintiff must be reduced by application of the principle that plaintiff has a duty to mitigate and commensurate with the degree of that failure to mitigate attributed to plaintiff by the jury in this case.

4. Plaintiff's Counts I and II should be dismissed for failure to state a claim pursuant to the Fed. R. Civ. P. 12(b)(6). Plaintiff has failed to present sufficient information and allegations to support such claims and has further failed to identify any particular individual who he accuses of committing such acts. Counts I and II should therefore be dismissed for failure to state a claim.

**JURY DEMAND**

The Individual Defendants demand trial by jury.

Respectfully submitted,

 s/ Matthew R. Hader
MATTHEW R. HADER
Assistant Corporation Counsel

30 North La Salle Street, Suite 1400
Chicago, Illinois 60602
(312) 742-9586
matt.hader@cityofchicago.org
Atty. No. 06284330

**CERTIFICATE OF SERVICE**

I, Matthew R. Hader, hereby certify that I have caused a true and correct copy of the above and foregoing **NOTICE OF FILING** and **DEFENDANT OFFICERS' ANSWER, DEFENSES AND JURY DEMAND TO PLAINTIFF'S FIRST AMENDED COMPLAINT,** to be sent via e-filing to the person(s) named in the foregoing Notice, a "Filing User" pursuant to Case Management /Electronic Case Files, on June 17, 2008, in accordance with the rules governing the electronic filing of documents.

        s/ Matthew R. Hader
        MATTHEW R. HADER
        Assistant Corporation Counsel